# Telech *v.* Orthodox Catholic Mutual Aid Society of America, Appellant.

*Beneficial societies—By-laws—Forfeiture of death benefits—Performance of funeral services by a nonorthodox priest.*

A by-law of a beneficial society which provides that in case the funeral services of a deceased member are conducted by a nonorthodox priest, the death benefits are forfeited, will not be enforced, where the wife of a deceased member in good standing applies to the only orthodox priest in the neighborhood to conduct the services, and upon his refusal calls in an unorthodox priest who conducts the funeral.

Argued March 9, 1916.   Appeal, No. 42, March T.,

208 TELECH v. ORTH. CATH. MUT. A. S., Appellant.

Statement of Facts—Assignment of Error [63 Pa. Superior Ct. 1916, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1913, No. 547, on verdict for plaintiff in case of Anastasia (Nasta) Telech v. The Orthodox Catholic Mutual Aid Society of America. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover death benefits. Before O'NEILL, J.

From the record it appeared that Akufty Telech joined the defendant society, The Orthodox Catholic Mutual Aid Society of America, and thereupon a benefit certificate of $800 was issued and he named his wife, Anastasia (Nasta) Telech beneficiary of the death benefits of the society, and paid his dues and assessments. He died December 25, 1911, in good standing in defendant society. At the time of his death he was a member of another society, which took charge of the funeral, and engaged a nonorthodox Russian priest. The day of the funeral the beneficiary was informed of the rule of the defendant society requiring an orthodox priest to perform the ceremony, and thereupon attempted to have the only orthodox priest in the borough officiate at the funeral but he refused and the funeral was conducted by the nonorthodox priest.

On December 23, 1912, the widow brought an action of assumpsit against the defendant society to recover the amount of the death benefit with interest. The defendant society defended upon the ground that the funeral services were conducted by a nonorthodox priest in violation of a by-law of the society. A jury trial was had and the trial judge directed a verdict for the plaintiff.

·Error assigned was in refusing binding instructions for defendant.

*M. A. McGinley,* with him *James H. Shea,* for appellant.

*Edward J. Kelley,* with him *A. S. Prokopovitch,* for appellee.

OPINION BY KEPHART, J., May 8, 1916:

The by-laws of the appellant association contain the following: "Section 47. In case of the death of a member or his wife (or husband), the brotherhood shall immediately inform the board of directors and present according to established form, (a) a sworn doctor's certificate as to the cause of death, (b) a burial certificate from the priest, and (c) an application for the sum the society is to pay on his (or her) death, stating whether the deceased was a semi or a full member, whether the wife (or the husband) of the deceased was a member (in what brotherhood, and whether a full or a semimember), and whether the deceased ever received any aids from the society (to what amount, when, and for what cause). Note—If his last confession was administered to the member by a nonorthodox priest, or if he was buried by a nonorthodox priest, unless this was done from extreme necessity, to which the brotherhood of the late member bears testimony, the heirs of the deceased shall have no right to the money the society is to pay on his death (see Sec. 32)." The funeral services of plaintiff's deceased husband were not conducted by an orthodox priest, as required by the foregoing rule.

The by-laws of a beneficial association, which affect the conduct of the beneficiary after the insured's death, must receive a reasonable construction, and where the beneficiary, after notice of the by-laws' requirements, endeavors, in good faith, to comply with its terms, and is prevented by the act of the officers of the association, or its accredited representative, from obeying the provisions of the by-law, the beneficiary will be permitted to recover the benefit. The beneficiary has substantially

complied with the by-law. When the beneficiary's husband died he held a certificate of membership, had paid his dues and was in good standing in the defendant association. At that time there was an absolute contract for the payment of the benefit unless there was a defense good in law, which does not appear in this case. The duty of the association was then to pay. The by-law intended to affect the conduct of the wife. When she became acquainted with it, she sent representatives to the only person in the neighborhood who could carry out the purposes of the by-law. This priest refused to act. Taking his answer as true, it would not relieve the defendant from complying with the contract. He imported into the note attached to the by-law (which at best is merely explanatory of the section preceding it) a condition requiring the body to be taken to a certain church. This was not contemplated by the note. It merely requires that the deceased be buried by an orthodox priest. Where, when or how this was to take place is not set forth. The priest's statements, however, are denied by appellee's witnesses, who say that his refusal was without qualification. It is evident that the court below could not have granted the appellant's request for binding instructions nor have entered judgment n. o. v. The appellee did all she was reasonably required to do under the by-law, and as thus viewed it was complied with. It is unnecessary for us to decide whether the by-law is reasonable or not.

The third assignment of error is not in compliance with the rules of this court. It does not set forth the action of the court and exception thereto, and must be disregarded.

The assignments of error are overruled and the judgment is affirmed.